UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | NO. CIV. 2:12-1570 WBS GGH |
| Plaintiff-In-Interpleader, | <u>ORDER RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE</u> |
| v. | |
| ANNIE CASSIE, an individual; DAVID MARTIN, an individual; PATRICK WILLIAMS, an individual; P.L. FRY & SON CHAPEL FUNERAL HOME, a business entity of unknown form; RYAN MARTIN, an individual; SHANDRA BOGLE, an individual; P.B., a minor; Q.B. 1, a minor; Q.B. 2, a minor; T.M., a minor; and DOES 1 through 10, inclusive, | |
| Defendants-In-Interpleader. | |

----oo0oo----

Primerica Life Insurance Company ("Primerica") brought this interpleader action to determine the proper recipients of $226,972.60 in death benefits, including applicable interest,

1

under a life insurance policy owned by Mary Martin ("Martin"), now deceased.  (Compl. ¶¶ 17, 19, 21 (Docket No. 1).)  A dispute arose over payment of the benefits between Martin's six children and Martin's minister, Patrick Williams, who had most recently been named the primary beneficiary of the policy.  (Id. ¶¶ 20, 24.)  Petitioners and adult children of Martin, Ryan Martin and Shandria Bogle, as guardians for Martin's minor children, P.B., Q.B.1., Q.B.2, and T.M., filed the instant petition for an order approving settlement of the minors' claims after they (for themselves and as guardians for the minors), Annie Cassie (Martin's mother), Patrick Williams, and Davis Martin (Martin's brother) entered into the "Settlement and Release Agreement."  (Pet. for Approval (Docket No. 39).)

Under this court's Local Rules, the court must approve the settlement of the claims of a minor.  E.D. Cal. Local R. 202(b).  The party moving for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . ."  Id. 202(b)(2).

In Robidoux v. Rosengren, 638 F.3d 1177 (9th Cir. 2011), the Ninth Circuit provided guidance for a district court considering whether to approve a proposed settlement involving minors.  It held that a district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff.  Robidoux, 638 F.3d at 1182.  The court, however, limited its ruling to a minor's federal claims.  Id. at 1179 n.2. It did "not express a view on the proper approach for a federal court to use when sitting in diversity and approving the

2

settlement of a minor's state law claims."  Id.

The instant case is an interpleader action before this court on the basis of diversity jurisdiction.  It arose from the aforementioned dispute over the proceeds of Martin's life insurance policy and the extent to which the minors involved would recover is a matter of state contract law; there are no federal claims implicated.  Thus, this court will continue to follow the practice of district courts in this Circuit and apply California law when evaluating the Settlement and Release Agreement.  See id. at 1181 ("In the district courts in this Circuit, the typical practice has been to apply state law and local rules governing the award of attorney's fees . . . .").

The court also notes that the Settlement and Release Agreement at issue was first approved by the Stockton County Superior Court.  (See Pet. for Approval Exs. 6-9.)  The Local Rules require that in actions in which the minor is represented by an appointed representative pursuant to state law, the settlement must first be approved by the state court having jurisdiction over the personal representative.  E.D. Cal. Local R. 202(b)(1).  To require evaluation of the same Settlement and Release Agreement under two different standards strikes this court as both unfair and likely to result in incongruous results.

Under the California Probate Code's provisions governing guardianship, the court must approve reasonable attorney's fees contained as part of the settlement of a minor's claim.  Cal. Prob. Code §§ 3600-3601.  "The amount of attorney fees to be awarded is within the court's sound discretion, taking

3

into account the type and difficulty of the matter, counsel's skill vis-a-vis the skill required to handle the case, counsel's age and experience, the time and attention counsel gave to the case, and the outcome." Padilla v. McClellan, 93 Cal. App. 4th 1100, 1107 (4th Dist. 2001) (citing Contractor's Labor Pool, Inc. v. Westway Contractors, Inc., 53 Cal. App. 4th 152, 168 (2d Dist. 1997)). To make this determination, the court requested additional documentation regarding the attorney's fees to be distributed pursuant to the Settlement and Release Agreement to Primerica's counsel, Barger & Wolen LLP; Felicia Morrison; and Neumiller and Beardslee. (Mar. 21, 2013 Order at 2 (Docket No. 60).) Specifically, the court requested documentation of the kind listed in Eastern District Local Rule 293(c). (Id.) The court gave counsel the option, instead of supplying such information, to agree to reduce their fees by one-third. (Id.)

In response, Barger & Wolen LLP agreed to reduce its fees by one-third, from $6,556.00 to $4,370.67. (Primerica Resp. (Docket No. 62).)

Neumiller and Beardslee, counsel for Annie Cassie and David Martin, did not agree to reduce its attorney's fees by one-third, but submitted facts supporting its request for fees. (Cassie and Martin Resp. (Docket No. 63); Bensch Decl. Ex. A (Docket No. 64).) Neumiller and Beardslee state that they have requested only $5750.00 for its services, but in the Settlement and Compromise there is an additional approved appropriation of up to $3,000.00 for the firm's fees associated with drafting and negotiating the Settlement and Release Agreement. (Cassie and Martin Resp.; Bensch Decl. at 2; Pet. for Approval Ex. 5 at 2.)

The documentation provided by Neumiller and Beardslee to support their attorney's fee request includes time for drafting and negotiating the Settlement and Release Agreement. (Bensch Decl. Ex. A.) The court therefore must assume that Neumiller and Beardslee are not requesting the additional $3,000. After reviewing the submitted documentation, the court is satisfied that the requested amount of $5750.00 is reasonable and fair for the services provided.

After an additional request by the court to respond to its March 21, 2013 Order, Felicia Morrison, counsel for Ryan Martin and Shandria Bogle, stated that she declined to reduce her attorney's fees by one-third. (Morrison Resp. (Docket No. 65).) Morrison failed, however, to provide any documentation to support the distribution of $3,250 pursuant to the Settlement and Release Agreement to her for attorney's fees other than her affidavit stating that the amount is reasonable and was approved by the state court. (See Morrison Decl. (Docket No. 65-1).) This court has an independent obligation to determine the reasonableness of the fees and cannot rely upon the approval of the state court. Without the requested documentation, the court can only assume that Morrison is unable to justify her fees.

Because Morrison did not itemize her fees, the court does not have the information necessary to extract any particular superfluous or unsupported charges. However, where there is doubt as to the fairness of requested fees, it is better to resolve such doubt in favor of minor litigants whose interest this court has a special duty to protect. See Robidoux, 638 F.3d at 1181 ("District courts have a special duty, derived from

Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."). Because the court entertains such a doubt, it will reduce the amount of Martin's death benefits reserved for Morrison's attorney's fees to a sum which appears to the court to be fair and reasonable for the services rendered. That sum is $2,166.67, which amounts to two-thirds of the fees requested.

IT IS THEREFORE ORDERED that petitioners' motion be, and the same hereby, is GRANTED IN PART and DENIED IN PART. For the reasons discussed above, the court approves the settlement of the minors' claims reflected in the Settlement and Release Agreement in all respects except that the distribution to Barger & Wolen LLP for attorney's fees is limited to $4,370.67, the distribution to Neumiller and Beardslee for attorney's fees is limited to $5,750, and the distribution to Felicia Morrison for attorney's fees is limited to $2,166.67.

DATED: April 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE